Jeffrey Willis (AZ No. 004870)
Nicole E. Sornsin (AZ No. 027321)
Snell & Wilmer L.L.P.
One Arizona Center
400 East Van Buren Street
Phoenix, AZ 85004-2202
Telephone: (602) 382-6000

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| EQUITY SOLUTIONS, LLC, a Colorado limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> REGINALD D. FOWLER (a/k/a Reggie Fowler) and JANE DOE FOWLER, husband and wife; SPIRAL, INC., an Arizona corporation, <br><br> Defendants. | NO. <br><br> **COMPLAINT** |

Plaintiff Equity Solutions, LLC, ("Equity"), for its Complaint against Defendants Reginald D. Fowler, a/k/a Reggie Fowler ("Fowler") and Jane Doe Fowler, and Spiral Inc. ("Spiral") alleges as follows:

**PARTIES**

1.   Plaintiff Equity is a Colorado Limited Liability Company with its principal place of business at 4643 S. Ulster St., Suite 800, Denver, CO, 80237.

2.   Defendant Fowler is the President of Spiral and a resident of Chandler, AZ. All acts by Fowler giving rise to the claims herein were done for and on behalf of his marital community with Jane Doe Fowler.

3.   Defendant Spiral is an Arizona corporation, with its principal place of business at 6909 W. Ray Road, Suite 21, Chandler, AZ 85226.

16288947.1

**JURISDICTION AND VENUE**

4. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391 as all defendants reside in this District.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

5. On information and belief, Fowler is the founding and sole shareholder of Spiral.

6. Spiral is a holding company with various investments in business entities and ventures. Spiral also receives investment capital from third parties, which is then invested in the subsidiaries of Spiral.

7. The German limited partnership investment fund CSA Beteiligungsfonds 5 AG & Co. KG ("CSA"), provided investment capital to subsidiaries of Spiral. These subsidiaries were "Satco South LLC", "Skyline Ridge LLC", "Gilbert Polar LLC", "Chandler Crossing Executive Suites LLC", and "Spiral Investment LLC" (collectively the "Subsidiaries"), each with a principal place of business at 6909 West Ray Road, Suite 9, Chandler, Arizona. In exchange for the investment capital, CSA acquired ownership interests in the Subsidiaries.

8. On December 21, 2011, Fowler approved the transfer of CSA's interest in the Subsidiaries to Equity, as established by the document entitled "Approval" attached hereto as "Exhibit A".

9. Also on December 21, 2011, Fowler executed a document entitled "Statement of Commitment", in which he "irrevocably confirm[ed]" his obligation to pay Equity the amount of Three Million Euros on February 15, 2012, for Equity's soon to be acquired interest in the Subsidiaries. A copy of the Statement of Commitment is attached hereto as "Exhibit B". The Statement of Commitment was and is an enforceable contract between Fowler and Equity.

10. Fowler executed the "Approval" and "Statement of Commitment" in his personal capacity. Fowler removed the CSA investment capital from the Subsidiaries and applied the funds to business purposes unrelated to the Subsidiaries.

- 2 -

16288947.1

11.  On December 28, 2011, with Fowler's knowledge and approval, CSA sold and transferred its interests in the Subsidiaries to Equity.

12.  Fowler failed and or refused to pay Equity the Three Million Euros on February 15, 2015, thereby breaching the Statement of Commitment.

13.  Following the February 15, 2012, payment breach, Fowler acknowledged in various emails his obligation to pay Equity. For example, in an email dated April 2, 2012, Fowler stated: "I again apologize for all the delay. We are committed to resolving our outstanding debt to you as soon as we receive these funds."

14.  By letter dated June 20, 2012, Equity demanded payment by July 2, 2012. In an email response dated June 28, 2012, Fowler stated that: "we are preparing to go to the bank today to initiate the wire". Fowler requested that Equity send a release for Spiral and then the wire transfer would be made. On June 29, 2012, Equity forwarded an executed release in favor of Spiral to Fowler.

15.  On July 12, 2012, Fowler forwarded to Equity a document entitled "Wire Transfer Services Outgoing Wire Transfer Request", which was an executed wire transfer form by Spiral in favor of Equity in the amount of $3,720,000. This wire transfer was never made.

16.  Equity then attempted to negotiate a payment plan with the Defendants. On September 5, 2012, Equity forwarded a Promissory Note ("Note") to Fowler, under which Fowler personally and Spiral were co-makers of the Note. The Note called for an initial installment payment of $507,060 on October 1, 2012 against a principal balance of $4,042,165.

17.  Fowler made changes to the Note and then executed a revised Note on behalf of Spiral only. A copy of the executed revised Note is attached as "Exhibit C".

18.  Equity never consented to these changes and, in any event, Spiral did not make the initial installment payment due on October 1, 2012.

19. As of the date of filing of this Complaint, Spiral has made no payments to Equity under the Note.

16288947.1

20.     Equity's claims against the Defendants arise from contracts, express or implied, and Equity is therefore entitled to recover its reasonable attorney's fees pursuant to ARS § 12-341.01.

### FIRST CLAIM FOR RELIEF
### (*Breach of Contract; Fowler*)

21.     The Statement of Commitment obligated Fowler to pay Equity Three Million Euros on February 15, 2012.

22.     Fowler failed to pay Equity the amount of Three Million Euros by February 15, 2012.

23.     Equity has performed or is prepared to perform its obligations under the Statement of Commitment.

24.     The failure of Fowler to pay Equity the amount of Three Million Euros by February 15, 2012 was a material breach of the Statement of Commitment.

25.     On information and belief, the dollar value of Three Million Euros on or about February 14, 2012 was $4,042,165.

26.     As a result of the breach of the Statement of Commitment by Fowler, Equity has suffered damages in an amount no less than $4,042,165 and is entitled to recover such damages, as well as attorneys' fees and costs under A.R.S. §§ 12-341 and 12-341.01.

### SECOND CLAIM FOR RELIEF; IN THE ALTERNATIVE
### (*Default on Promissory Note; Spiral*)

27.     In the event the Promissory Note is found to be enforceable against Spiral, then Spiral was obligated to pay the principal sum of $4,042,165 commencing with the initial installment payment of $507,060 on October 1, 2012.

28.     Spiral failed to pay $507,060 on or before October 1, 2012.

29.     Equity has performed or is prepared to perform its obligations under the Promissory Note.

30.     The failure to make the October 1, 2012 payment was a material breach of the Note by Spiral.

16288947.1

31. As a result of the breach of the Note by Spiral, Equity has suffered damages in an amount no less than the principal sum due under the Note in the amount of $4,042,165 and is entitled to recover such damages, as well as attorneys' fees and costs under A.R.S. §§ 12-341 and 12-341.01.

32. Under the terms of the Note, Equity is entitled to recover all costs and expenses, including reasonable attorney's fees and costs, incurred in the collection of the debt.

WHEREFORE Plaintiff prays for judgment against the Defendants Fowler and Spiral as follows:

(A) For the principal amount of $4,042,165;

(B) For pre-judgment and post-judgment interest;

(C) For its costs of this action;

(D) For its reasonable attorneys fees; and,

(E) For such other and further relief deemed appropriate under the circumstances.

DATED this 11th day of December, 2012.

By: *s/ Nicole E. Sornsin*
Jeffrey Willis (AZ No. 004870)
Nicole E. Sornsin (AZ No. 027321)
Snell & Wilmer L.L.P.
One Arizona Center
400 East Van Buren Street
Phoenix, AZ 85004-2202
(602) 382-6000
(602) 382-6070 (facsimile)
Attorneys for Plaintiff Equity Solutions, LLC

16288947.1

**CERTIFICATE OF SERVICE**

I certify that on December 11, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing.


 s/ Alison Mathers

16288947.1