**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equity Solutions LLC, | No. CV 12-02646-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Reginald D. Fowler; Spiral Inc., | |
| Defendants. | |

The court has before it plaintiff's application for entry of default judgment (doc. 15), defendants' response (doc. 17), plaintiff's reply (doc. 19); and defendants' motion to set aside default (doc. 16), plaintiff's response (doc. 18), and defendants' reply (doc. 20).

Plaintiff filed this action on December 11, 2012, asserting claims against defendant Reginald Fowler for breach of contract and against defendant Spiral, Inc. for default on a promissory note. Spiral's and Fowler's responsive pleadings were due January 9, 2013 and January 11, 2013, respectively. Neither party responded by their deadline, and on January 15, 2013, the Clerk entered default against both defendants pursuant to Rule 55(a), Fed. R. Civ. P. (doc. 12). Spiral filed an answer to the complaint on January 15, 2013 (doc. 13), the same day default was entered, and Fowler filed a motion to dismiss on January 16, 2013 (doc. 14). On January 30, 2013, defendants moved to set aside the default (doc. 16).

"[J]udgment by default is a drastic step appropriate only in extreme circumstances;

1  a case should, whenever possible, be decided on the merits." <u>Falk v. Allen</u>, 739 F.2d 461,
2  463 (9th Cir. 1984). We may set aside a default "for good cause." Fed. R. Civ. P. 55(c). We
3  will consider whether defendant's culpable conduct led to the default, whether the defendant
4  has a meritorious defense, and whether the plaintiff will be prejudiced. <u>Falk</u>, 739 F.2d at
5  463.

6        Defendants contend that Fowler took a trip to England after he was served, did not
7  return until January 18, 2013, and that because of some unspecified "miscommunication"
8  between defendants and their lawyers, the responses were filed 6 days late. We do not
9  believe that this 6 day delay is so culpable as to justify a default judgment. There has been
10 no prejudice occasioned by this default. No discovery has been conducted. No Rule 16
11 order is in place. The action is at its early stages and now defendants' responsive pleadings
12 have been filed. Finally, defendant Fowler has presented a potentially meritorious defense
13 in his motion to dismiss (doc. 14). In the interest of deciding cases on their merits, **IT IS**
14 **ORDERED GRANTING** defendants' motion to set aside the default (doc. 16) and
15 **DENYING** plaintiff's application for entry of default judgment (doc. 15).

16       Plaintiff shall respond to the motion to dismiss (doc. 14) on or before March 15, 2013.
17       DATED this 5th day of March, 2013.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge