IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equity Solutions LLC,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Reginald D. Fowler, et al.,<br><br>　　　　　　Defendants. | No. CV-12-02646-PHX-FJM (BSB)<br><br>**REPORT AND RECOMMENDATION** |

Pursuant to Rule 69 of the Federal Rules of Civil Procedure, and Arizona Revised Statute § 29-655, Plaintiff/Judgment Creditor Equity Solutions, LLC (Equity or Judgment Creditor) has filed an "Application for (I) Charging Order; and (II) Order to Show Cause Why A Charging Order Should Not Be Granted" (Application).  (Doc. 93.)  In its Application, Equity requested an order charging Defendant/Judgment Debtor Reginald D. Fowler's (Judgment Debtor) interest in Thor, LLC with the payment of the unsatisfied amount of the Judgment entered in this matter on March 4, 2014.  (Doc. 91.)  As set forth below, Equity's Application should be granted and a charging order should be entered in the form attached to this Report and Recommendation as Attachment A.[1]

///

///

---

[1] Pursuant to 28 U.S.C. 636(B)(1)(b) and LRCiv 72.1(b), the assigned magistrate judge proceeds by report and recommendation.

**I.      The Judgment Debtor Received Notice and Did Not Respond to the Application for a Charging Order or the Order to Show Cause.**

On referral for all post-judgment collection proceedings (Doc. 95), the assigned magistrate judge entered an order for the Judgment Debtor to show cause why a charging order should not be entered. (Doc. 96.) The Court directed Equity to serve the Judgment Debtor with the order to show cause and the Application, and directed Judgment Debtor to file and serve any written response to the Court's order or the Application within fourteen days of service. (*Id*.) Equity served the Judgment Debtor with the order to show cause on June 16, 2014. (Doc. 97.) The Judgment Debtor has not filed a response and the time to do so has passed.[2] The order to show cause advised the Judgment Debtor "that failure to respond may result in the Court entering the requested charging order." (Doc. 96.) Therefore, the Court finds that the Judgment Debtor received notice of Equity's Application for a charging order and failed to respond.

**II.     A Charging Order is Authorized by the Federal Rules and Arizona Law**.

Equity's request for a charging order is authorized by Rule 69(a)(1). *See General Elec. Capital Corp. v. JLT Aircraft Holding Co., LLC,* 2010 WL 3023316, at *3 (D. Minn. Jul. 28, 2010) (under Rule 69, federal courts follow state law in post-judgment collection proceedings, including any request for a charging order on a judgment debtor's interest in a limited liability company.) Under Arizona law, a charging order is "[t]he exclusive remedy by which a judgment creditor of a member may satisfy a judgment out of the judgment debtor's interest in the limited liability company." Ariz. Rev. Stat. § 29-655(C). "A charging order allows a judgment creditor to charge a judgment debtor's membership interest in a limited liability company to the extent of an unsatisfied amount of the judgment plus interest." *Grecko Pools & Spas, LLC, v. Blackhawk Holdings, LLC,* 2007 WL 5448130, at *1 n.1 (Ariz. Ct. App. Oct. 11, 2007) (citing Ariz. Rev. Stat. § 29-655(A)).

---

[2] In addition, the Judgment Debtor did not respond to Equity's Application before the Court referred this matter for post-judgment collection proceedings. (Doc. 95.)

In its Application, Equity asserts that it "has been searching for assets of the Judgment Debtor out of which to satisfy the Judgment. Equity has learned that Judgment Debtor has a membership interest in Thor, LLC . . . a Delaware limited liability company." (Doc. 93 at 2.) The Judgment Debtor has not responded to or contested this assertion. Therefore, the Court finds that Equity has established that the Judgment Debtor has a membership interest in Thor, LLC, and, as the Judgment Creditor, Equity is entitled to charge that interest to the extent of an unsatisfied amount of the judgment in this matter, plus interest.

Accordingly,

**IT IS RECOMMENDED** that Equity's Application be **GRANTED** and a charging order entered in the form attached to this Report and Recommendation as Attachment A.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the District Court's judgment. The parties have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the District Court's acceptance of the Report and Recommendation without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

/ / /

/ / /

/ / /

/ / /

/ / /

Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 14th day of July, 2014.

_____
Bridget S. Bade
United States Magistrate Judge

# ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equity Solutions LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>Reginald D. Fowler, et al.,<br><br>                    Defendants. | No. CV-12-02646-PHX-FJM<br><br>**CHARGING ORDER RE: JUDGMENT DEBTOR'S INTEREST IN THOR, LLC** |

The Court has considered the "Application for (I) Charging Order; and (II) Order to Show Cause Why A Charging Order Should Not Be Granted" (Doc. 93), filed by Plaintiff/Judgment Creditor Equity Solutions, LLC (Equity).

**THE COURT FINDS AND CONCLUDES:**

A.      On or about March 4, 2014, the Court entered judgment (the Judgment) in favor of Equity and against Judgment Debtor Reginald D. Fowler (Judgment Debtor) (among others); and

B.      The Judgment, not including any credits applied toward satisfaction of the Judgment, remains outstanding, due and owing.

Accordingly, based on the record in this case, and good cause appearing,

**IT IS ORDERED:**

1.      Judgment Debtor's interests in Thor, LLC (Thor), a Delaware limited liability company, are charged for payment of the unsatisfied amount of the Judgment;

2.  Subject to the prior, perfected, lien interests of: (1) Sumitomo Mitsui Banking Corp., as Collateral Agent under that certain Amended and Restated Credit Agreement dated June 14, 2010, as amended by Amendment No. 1, dated June 11, 2012; (2) U.S. Bank National Association, arising pursuant to that certain Charging Order dated February 22, 2013, in Case No. CV2011-021907; and (3) JPMorgan Chase Bank, N.A., arising pursuant to that certain Charging Order dated September 19, 2013, in Case No. CV2012-003401 (collectively referred to as the Prior Liens);

3.  Upon entry of this Order, and until the Judgment is paid in full, subject to the Prior Liens, Equity is entitled to and shall receive all payments, money, or property due or to become due to Judgment Debtor, including any and all monies, distributions, and allocations payable to Judgment Debtor (collectively Distributions), with respect to any of Judgment Debtor's interests in Thor;

4.  Upon entry of this Order, and until the Judgment is paid in full, subject to the Prior Liens, should Judgment Debtor receive any Distributions from Thor, Judgment Debtor is ordered to relinquish such Distributions, along with a full accounting of such distributions;

5.  Upon entry of this Order, and until the Judgment is paid in full, Thor shall make no further distributions of any kind to Judgment Debtor with respect to his interests in Thor;

6.  Upon entry of this Order, and until the Judgment is paid in full, subject to the Prior Liens, Thor shall make to Equity any and all Distributions to which Judgment Debtor is or would be entitled.  Such Distributions shall be made to Equity within three business days following the date such Distribution would or could have been made to Judgment Debtor, or within three business days following the date that Judgment Debtor would be entitled to receive said Distributions, whichever is sooner;

7.  To the extent that Thor is currently a debtor-in-possession in any bankruptcy pending in the United States Bankruptcy Court, and to the extent that the

automatic stay of 11 U.S.C. § 362 remains in effect as to Thor, this Order is not intended to be immediately effective to grant affirmative relief against Thor, to the extent doing so would violate the automatic stay, although it is intended to grant immediate, affirmative relief as to the rights of Judgment Debtor to otherwise comply with the terms of this Order as it relates to such entities.  It is also contemplated that Equity may provide notice of this Order in any such pending bankruptcy proceedings to enforce its terms against Judgment Debtor, or to obtain such other relief as Equity may request; and

8. Equity is entitled to seek any further or other relief from this Court for the purposes of obtaining such further orders as are reasonably necessary to enforce this Order or to collect on the Judgment.