IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equity Solutions, LLC, | No. CV-12-02646-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Reginald D. Fowler, et al., | |
| Defendants. | |

Before the court is plaintiff Equity Solutions, LLC's ("Equity") Application for Charging Order (doc. 93). Equity seeks an order charging defendant Reginald D. Fowler's ("Judgment Debtor") interest in Thor, LLC ("Thor") with payment of the unsatisfied amount of the Judgment entered in this matter on March 4, 2014 (doc. 91). We also have before us a Report and Recommendation (doc. 98) of the United States Magistrate Judge, recommending that the Application for Charging Order be granted. Judgment Debtor did not respond to the Magistrate Judge's Order to Show Cause why a charging order should not be granted (doc. 95), and did not object to the Report and Recommendation. The time for either responding or objecting has expired.

Therefore, pursuant to 28 U.S.C. § 636(b)(1)(C), we accept the recommended disposition of the Magistrate Judge (doc. 98).

THE COURT FINDS AND CONCLUDES

A.   On March 4, 2014, the Court entered Judgment in favor of Equity and against Judgment Debtor (doc. 91); and

B.   The Judgment, not including any credits applied toward satisfaction of the Judgment, remains outstanding, due and owing.

Accordingly, based on the record in this case, and good cause appearing,

**IT IS ORDERED:**

1.   Judgment Debtor's interests in Thor, a Delaware limited liability company, are charged for payment of the unsatisfied amount of the Judgment;

2.   Subject to the prior, perfected lien interests of: (1) Sumitomo Mitsui Banking Corp., as Collateral Agent under the Amended and Restated Credit Agreement dated June 14, 2010, as amended by Amendment No. 1, dated June 11, 2012; (2) U.S. Bank National Association, arising pursuant to the Charging Order dated February 22, 2013, in Case No. CV2011-021907; and (3) JPMorgan Chase Bank, N.A., arising pursuant to the Charging Order dated September 19, 2013, in Case No. CV2012-003401 (collectively referred to as the "Prior Liens");

3.   Upon entry of this Order, and until the Judgment is paid in full, subject to the Prior Liens, Equity is entitled to and shall receive all payments, money, or property due or to become due to Judgment Debtor, including any and all monies, distributions, and allocations payable to Judgment Debtor (collectively "Distributions"), with respect to any of Judgment Debtor's interests in Thor;

4.   Upon entry of this Order, and until the Judgment is paid in full, subject to the Prior Liens, should Judgment Debtor receive any Distributions from Thor, Judgment Debtor is ordered to relinquish such Distributions, along with a full accounting of such Distributions;

5.   Upon entry of this Order, and until the Judgment is paid in full, Thor shall make no further distributions of any kind to Judgment Debtor with respect to his interests in Thor;

6.   Upon entry of this Order, and until the Judgment is paid in full, subject to the

Prior Liens, Thor shall make to Equity any and all Distributions to which Judgment Debtor is or would be entitled. Such Distributions shall be made to Equity within 3 business days following the date such Distribution would or could have been made to Judgment Debtor, or within 3 business days following the date that Judgment Debtor would be entitled to receive said Distributions, whichever is sooner;

7. To the extent that Thor is currently a debtor-in-possession in any bankruptcy pending in the United States Bankruptcy Court, and to the extent that the automatic stay of 11 U.S.C. § 362 remains in effect as to Thor, this Order is not intended to be immediately effective to grant affirmative relief against Thor, to the extent doing so would violate the automatic stay, although it is intended to grant immediate, affirmative relief as to the rights of Judgment Debtor to otherwise comply with the terms of this Order as it relates to such entities. It is also contemplated that Equity may provide notice of this Order in any such pending bankruptcy proceedings to enforce its terms against Judgment Debtor, or to obtain such other relief as Equity may request; and

8. Equity is entitled to seek any further or other relief from this Court for the purposes of obtaining such further orders as are reasonably necessary to enforce this Order or to collect on the Judgment.

DATED this 4th day of August, 2014.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge